**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUCHU DAI, as the bankruptcy administrator for Changzhou AMEC Eastern Tools and Equipment Co., Ltd,<br><br>               Plaintiff - Appellant,<br>   v.<br><br>EASTERN TOOLS & EQUIPMENT, INC., a California corporation and GUOXIANG FAN, an individual,<br><br>             Defendants - Appellees. | No. 12-56577<br><br>D.C. No. 5:11-cv-00354-VAP-DTB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted March 7, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and N.R. SMITH, Circuit Judges.

Xuchu Dai ("Dai"), bankruptcy administrator for AMEC Eastern Tools

Equipment Co., Inc. ("AMEC"), appeals the district court's decision to deny his

motion to confirm an arbitration award against Eastern Tools & Equipment ("US

Eastern") and its president, Guoxiang Fan ("Fan").

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"The court shall confirm [a foreign arbitration] award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." 9 U.S.C. § 207. Therefore, "[r]ather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the Convention." *China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004). Nevertheless, a district court's factual findings supporting its decision to confirm or deny an arbitration award are reviewed for clear error. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 948 (1995).

## I.

On appeal, the parties do not challenge the district court's conclusions that (1) duress may constitute a defense against confirmation of an arbitration award under the New York Convention; and (2) California law applies in determining whether Fan signed an agreement, which required arbitration, under duress. Therefore, we need not address these two issues. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief."). It remains for us to

determine whether the district court clearly erred in concluding that Fan signed the agreement under duress.

The district court did not clearly err in finding that Fan signed the July agreement "under circumstances that deprive[d] him of the exercise of free will." *Tarpy v. Cnty. of San Diego*, 1 Cal. Rptr. 3d 607, 614 (Cal. Ct. App. 2003). In April (three months prior to signing the July agreement), Fan was arrested and detained by Chinese police (though not charged with a crime). While Fan was in prison, Dai approached him about signing an agreement that would settle the business dispute between AMEC and US Eastern. Fan was only released after signing the agreement and making a payment to AMEC. When the signed agreement was not approved by AMEC's creditors, the Chinese police contacted Fan by phone and directed him to return and sign a similar agreement in July. On these facts, the district court did not clearly err in finding that Fan "believed reasonably that if he did not return and sign the agreement, the police would detain [him] again until he signed."

Likewise, the district court did not clearly err in finding that Dai's conduct was "unlawful," *Tarpy*, 1 Cal. Rptr. 3d at 614, because Dai "knew of the circumstances undermining Mr. Fan's capacity to assent freely, and nevertheless

-3-

took advantage of the situation to induce Mr. Fan to sign the agreement." Dai failed to provide evidence rebutting these findings.

Moreover, this conclusion does not violate the act of state doctrine, because it does not involve any inquiry "into the validity of the public acts" taken by the Chinese police. *See Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 401 (1964).

## II.

The district court did not clearly err in finding that Fan did not ratify the July agreement when he made an initial payment, because Fan did not, "with full knowledge of the material facts entitling him to rescind, . . . engage[] in some unequivocal conduct giving rise to a reasonable inference that he intended the conduct to amount to a ratification." *Union Pac. R.R. Co. v. Zimmer*, 197 P.2d 363, 368 (Cal. Ct. App. 1948).[1] The district court reasonably concluded there was a sufficient "temporal connection" between "Fan's arrest in April 2007, the telephone calls from the Public Security Bureau between April and July 2007, the order from Officer Huang in July 2007, and the first payment in February 2008," to

---

[1]Again, no party challenges this decision by the district court to apply California law regarding ratification. *Indep. Towers of Wash.*, 350 F.3d at 929.

conclude that "Fan continued to fear possible detention if he did not authorize the first payment."

Fan's participation in the CIETAC arbitration does not counsel a different conclusion. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1279 (9th Cir. 2006) (en banc) (quoting *First Options of Chi.*, 514 U.S. at 946) (Participating in an arbitration on the merits after one's objections to the arbitrability of the dispute have been lost, does not "'indicate a clear willingness to arbitrate that issue.'").

Further, the district court did not improperly shift the burden of proof by requiring Dai to prove ratification. Although Fan bore the burden of establishing the defense of duress, *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Systems, Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011), this did not "eviscerate completely the burden on [Dai] to present some evidence to support [an] asserted fact or legal argument."

### III.

Finally, the district court did not abuse its discretion in declining to hold an evidentiary hearing before ruling on the motion to confirm, because it engaged in an iterative effort that spanned months, winnowed down undisputed facts, and allowed the parties ample opportunity to submit evidence. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 946 (9th Cir.

2007) (holding that an evidentiary hearing was not necessary where "[t]here was an adequate factual basis for the [trial] court's decision").

**AFFIRMED**.